27 So.2d 777

Ex parte MILES.

6 Div. 472.

Supreme Court of Alabama.

Nov. 7, 1946.

M. B. Grace, of Birmingham, for petitioner.

Wm. N. McQueen, Atty. Gen., and Aubrey M. Cates, Jr., Gen. Counsel, Dept. of Industrial Relations, of Montgomery, for respondent.

STAKELY, Justice.

Essie Miles took an appeal to the Circuit Court of Jefferson County from an adverse decision of the Board of Appeals on her claim for benefits from the unemployment compensation fund. The procedure was pursuant to Article 5, Chapter 4, Title 26, Code of 1940, and especially section 221, Title 26, Code of 1940. In the notice of appeal Essie Miles demanded in writing a trial by jury of the controversy in the circuit court. Frank R. Broadway, as Director of the Department of Industrial Relations, filed a written motion to strike so much of the notice of appeal as relates to the demand for trial by jury. The court granted the motion and entered an order striking the demand for trial by jury in the circuit court. Thereupon Essie Miles filed in this court an original petition for mandamus to compel J. Russell McElroy, Presiding Judge of the Tenth Judicial Circuit of Alabama, to vacate the order granting the motion to strike the demand for a jury trial. Upon issuance of the rule nisi, Judge McElroy filed demurrer and answer to the petition. The cause is here submitted on petition, demurrer and answer.

Sections 180 et seq., Title 26, Code of 1940, clearly show that the alleged claim of Essie Miles to benefits in the unemployment compensation fund is not only a statutory claim, but the proceedings for its establishment are statutory. If the claim is found proper no money judgment is contemplated, but only an order directing allowance of the claim out of the unemploy-

388

ment compensation fund. Section 205, Title 26, Code of 1940. Both the claim and the proceedings for its establishment were obviously unknown to the common law and were unknown at the time of the adoption of the Constitution of 1901. Therefore, Section 11 of the Constitution of 1901, which provides "that the right of trial by jury shall remain inviolate" is not controlling. In re One Chevrolet Automobile, 205 Ala. 337, 87 So. 592; Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125; Ex parte Homewood Dairy Products Co., 241 Ala. 470, 3 So.2d 58. And the Seventh Amendment of the Constitution of the United States which provides "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved", has no application. Kraas v. American Bakeries Co. et al., 231 Ala. 278, 164 So. 565; Ex parte Homewood Dairy Products Co., supra.

Included in the statutes which provide for the procedure to be followed in the present controversy is § 222, Title 26, Code of 1940, as follows:

"The procedure provided in this article for the making of determinations with respect to claims for unemployment compensation benefits and for appealing from such determinations shall be exclusive."

The language of other statutes providing for appeals in situations similar to the case at bar, "sometimes they expressly provide that the trial shall be by jury," and sometimes "by the court without the intervention of a jury" and again only that the trial "shall be de novo." City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, 406. But under the provisions of § 222, Title 26, Code of 1940, other statutes offer little aid here because the procedure is confined to the statutes included in Article 5, Chapter 4, Title 26, Code of 1940. And the legislature can so restrict or limit the procedure. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Sumlin, 204 Ala. 376, 85 So. 810; Ex parte Homewood Dairy Products Co., supra.

Under Section 264, Title 7, Code of 1940, it is provided, in effect, that on appeal to the circuit court from the judgments of justices of peace or other inferior courts the trial shall be by a jury if demanded as there provided. But this is a statutory and not a constitutional provision and accordingly a different rule may be made by statute applicable to some specific proceeding. Ex parte Homewood Dairy Products Co., supra. So if the act here in question means to provide for a trial on appeal by the judge without a jury, it would present an exception to Section 264, Title 7, Code 1940.

We come now to the decisive question in the case. Is Essie Miles entitled to trial by jury in the circuit court under the pertinent part of § 221, Title 26, Code of 1940? The pertinent part of this statute is as follows:

"Trial in the circuit court shall be de novo. Actions under this chapter shall be tried by any judge of the circuit court to whom application is made at any location in said circuit, * * *." § 221, Title 26, Code of 1940.

In speaking of the word "court," this court in City of Huntsville v. Pulley, supra, said, "The word 'court' is often used to designate the head of the tribunal in the person of the presiding judge, as contradistinguished from the jury. Ordinarily, however, it is used to designate the tribunal itself, including the constituent parts of judge and jury, where it is thus regularly constituted by law." We think the statute means trial without a jury when it says that the actions shall be tried "by any judge of the circuit court." Since the statute singles out trial by one of the constituent elements of the circuit court, we would have to say that the expression "any judge" is surplusage, if trial by both constituent elements is contemplated. This we should not do since effect must be given, if possible, to the whole statute and every part thereof, provided the interpretation is reasonable and not in conflict with legislative intent. Mooring v. State, 207 Ala. 34, 91 So. 869.

The foregoing construction is fortified by the further provision that the trial shall be "at any location in said circuit". A trial at any location in the circuit is contrary to the common law idea of trial by

a jury composed of jurors from the vicinage or neighborhood. 35 C.J. p. 146; 31 Amer.Juris. p. 563.

The court acted correctly in granting the motion to strike the demand for a jury trial.

Writ denied.

All the Justices concur.