This is an unemployment compensation case.
The claimant, Nolin, was denied benefits under Alabama's Unemployment Compensation Act. She appealed this determination to the Board of Appeals of the Department of Industrial Relations which upheld the denial of benefits. On July 22, 1977, claimant filed an appeal to the Blount County Circuit Court. After a trial de novo the trial court entered judgment in favor of the claimant. The Director of the Department of Industrial Relations (Department) appeals from that judgment.
The department contends that the trial court did not have jurisdiction to hear claimant's appeal and that the appeal should have been dismissed. We agree with this contention and reverse.
Section 25-4-95, Code of Alabama (1975) governs the procedure necessary to institute an appeal from a decision by the board of appeals. This section provides that an appeal may be perfected by filing, within ten days after the decision of the board has become final, a notice of appeal "in the circuit court of the county of the residence of the claimant. . . ." The only exception to this requirement applies where the claimant does not reside in this state at the time the appeal is taken. The evidence is undisputed that the claimant's county of residence at the time the appeal was filed was St. Clair County and not Blount County.
Appellee argues that this provision of the statute is a venue requirement which was waived by the Department when it failed to plead venue before trial. We do not agree. Although the effect of this particular requirement is a question of first impression in Alabama, we have held that the requirements of §25-4-95 are jurisdictional and that a failure to comply will necessitate dismissal of the appeal. Quick v. Utotem ofAlabama, Inc., 365 So.2d 1245 (Ala.Civ.App. 1979). A number of other jurisdictions *Page 905 
have found substantially similar requirements to be jurisdictional and required dismissal of the appeal when it was filed in the wrong county. See, e.g., Scott v. NevadaEmployment Security Department, 70 Nev. 555, 278 P.2d 602
(1954); Hansen v. Division of Employment Security,520 S.W.2d 150 (Mo.App. 1975); Brown v. LTV Aerospace Corporation,394 Mich. 702, 232 N.W.2d 656 (1975).
Unemployment compensation is a creature of statute and was unknown at common law. Therefore, the legislature may lay down any reasonable and non-discriminatory conditions it may see fit concerning eligibility and procedure. We see no hardship or unfairness in requiring appeals from the board's decisions to be taken in the circuit court of claimant's county of residence. In fact, we think the requirement stems from a desire to aid the claimant in presenting his case to the trial court. The procedure for pursuing an unemployment compensation claim is completely governed by statute, Ex parte Miles,248 Ala. 386, 27 So.2d 777 (1946), and the statutory procedures for appealing an unemployment compensation claim are exclusive. §25-4-96, Code of Alabama (1975). The claimant did not comply with these procedures, and her appeal should have been dismissed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.