Claimant Cruce was denied unemployment compensation benefits by the Board of Appeals for the Department of Industrial Relations (DIR). He filed an appeal pursuant to § 25-4-95, Code of Alabama (1975) in Shelby County Circuit Court on January 25, 1977. Upon testimony by the claimant at trial that he was a resident of Jefferson County at the time the appeal was filed in Shelby County the trial court ordered the case transferred to Jefferson County Circuit Court.
On May 14, 1979, DIR filed a motion to dismiss the appeal on the grounds that the circuit court did not have jurisdiction of the appeal because claimant had not complied with the requirements of § 25-4-95. Specifically, the appeal was not filed "within 10 days after the decision of the board of appeals has become final, . . . in the circuit court of the county of the residence of the claimant. . . ." The trial court granted the motion to dismiss on May 30, 1979. Claimant appeals from the order granting the motion to dismiss.
Claimant argues that the provision in § 25-4-95 requiring that an appeal from a decision of the board of appeals be filed in the circuit court of the county of the residence of the claimant is a venue requirement which was waived by DIR when it failed to plead improper venue before trial. This court has responded to that argument in Director of the State of AlabamaDepartment of Industrial Relations v. Nolin, 374 So.2d 903
(Ala.Civ.App. 1979). In Nolin we held that the requirements of § 25-4-95 are *Page 901 
jurisdictional and require dismissal of an appeal when it is filed in the wrong county. Rule 82 (d) ARCP, relating to venue is not applicable. We find Nolin to be dispositive of the issue here.
Claimant contends for the first time on appeal that § 25-4-95
is unconstitutional in that it denies equal protection to resident claimants. It has long been the practice of our courts to refuse to hear an attack on the constitutionality of a statute when it is not raised in a timely manner before the trial court. Caylor v. Caylor, 344 So.2d 173 (Ala.Civ.App. 1977). A careful review of the record before us discloses that this issue was not raised before the court below and we will not allow a party to raise such an issue for the first time on appeal. Dale v. Dale, 54 Ala. App. 505, 310 So.2d 225 (1975).
The order of the trial court dismissing claimant's appeal is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.