Governor Guy Hunt appointed Mary Rasco to serve as an administrative assistant in his office. As a result of the removal of the Governor from office, Rasco became unemployed. She filed for unemployment compensation. It was denied.
After exhausting her administrative remedies, Rasco filed an appeal to the Circuit Court of Montgomery County. The Department of Industrial Relations requested that the appeal be dismissed, contending that Rasco failed to file the appeal in the proper county, as provided by § 25-4-95, Code 1975. The trial court refused to dismiss the action on the jurisdictional claim. The court found that Rasco filed her appeal in the proper county and that she was entitled to unemployment benefits. The Department appeals.
The sole issue on appeal is whether the Montgomery County Circuit Court had jurisdiction to entertain the appeal.
Section 25-4-95 governs the procedure necessary to institute an appeal from a decision by the Department's Board of Appeals. This section provides that an appeal may be perfected by filing within ten days after the decision of the board has become final a notice of appeal "in the circuit court of the county of the residence of the claimant." The only exception to this requirement applies where the claimant does not reside in this state at the time the appeal is taken. The requirements of § 25-4-95 are jurisdictional, and failure to comply necessitates dismissal of the appeal. Director of State Dep'tof Industrial Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App. 1979).
The record reflects that Rasco lived and worked in Montgomery County prior to and while she was employed by Governor Hunt. In May 1993 she applied for unemployment benefits in Montgomery County. In July 1993 she "went to live [in Tuscaloosa] with a friend whose husband had died." She testified that her friend "invited me to stay with her until I could find work."
The weekly "pay order cards" (weekly claims for benefits) submitted by Rasco from *Page 857 
July 10, 1993, to November 1993 were postmarked from Tuscaloosa or Birmingham and contained a Tuscaloosa, Alabama, return address. Until September 4, 1993, these same cards, however, indicated Montgomery as her place of residence. She perfected her appeal to the Circuit Court of Montgomery County on August 26, 1993.
The Department contends that Rasco should have filed her appeal in the Circuit Court of Tuscaloosa County because that was where she resided at the time she filed her appeal. It insists that the phrase "county of residence of the claimant" means where the claimant is actually living, whether permanent or temporary, at the time the appeal is filed.
Rasco's position is that the term residence is synonymous with domicile. She contends that the terms denote the place where the person is deemed in law to live and may not always be the place where the person is actually dwelling.
As a general rule, the words residence and domicile are not considered synonymous. Ex parte Sides, 594 So.2d 93 (Ala. 1992). In Alabama, however, the terms are deemed to be synonymous for venue purposes, Ex parte Sides; election law purposes, Osborn v. O'Barr, 401 So.2d 773 (Ala. 1981); and divorce purposes, Webster v. Webster, 517 So.2d 5
(Ala.Civ.App. 1987). With consideration of the benevolent purpose of the Unemployment Compensation Act, Polk v. State Dep't ofIndustrial Relations, 413 So.2d 1164 (Ala.Civ.App. 1982), we hold that the terms residence and domicile are synonymous for the purposes of § 25-4-95.
Domicile requires residence at a particular place and an intent to remain there permanently, or for an indefinite length of time. Ex parte Weldon, 601 So.2d 115 (Ala.Civ.App. 1992). Once a domicile is acquired, it is presumed to exist until a new one has been acquired. Ex parte Sides. A change of domicile cannot be inferred from a temporary absence. Ex parte Weldon.
The determination of whether Rasco resided in Montgomery County for purposes of invoking the jurisdictional language of § 25-4-95 is a mixed question of law and fact to be resolved by the trial court. Ex parte Weldon. The court's findings are given a presumption of correctness and will not be disturbed unless we find them to be plainly and palpably wrong. Ex parteWeldon.
The trial court made a factual finding that Rasco's residence at the time she filed her appeal was Montgomery County. Such finding is supported by the record.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.