Tyson Foods, Inc. ("the employer"), appeals from a judgment of the Marshall County Circuit Court dismissing its appeal from a final decision of the Alabama Department of Industrial Relations (the "Department") concerning whether Rhonda M. Thompson ("the employee") is entitled to unemployment compensation benefits. We affirm.
The record reveals that the Department's Board of Appeals denied an application, pursuant to § 25-4-94(a), Ala. Code *Page 848 
1975, to hear an appeal from a decision concerning the employee's application for unemployment benefits, which decision had been made by either an examiner or an appeals tribunal within the Department. From the denial of this application, the employer filed a notice of appeal in the trial court, averring, among other things, that the employee was a resident of Marshall County. The employee moved to transfer the case to Blount County, averring that she resided in Blount County and not Marshall County. The Department and the employee then moved to dismiss the appeal, averring that the trial court was without jurisdiction to hear or to transfer the appeal. The employer objected to the motion to dismiss, contending that its records and the Department's records indicated that the employee's residence was in Marshall County, that a dismissal of its appeal would be "inequitable" because the lapse of time would bar it from re-filing its appeal in Blount County, and that a dismissal would deny it due process. The trial court dismissed the appeal on the authority of Cruce v. Demarco Concrete BlockCo., 380 So.2d 900 (Ala.Civ.App. 1980).
Section 25-4-95, Ala. Code 1975, provides, in pertinent part, that any party who claims to be aggrieved by a decision of the Department's Board of Appeals may secure judicial review "by filing a notice of appeal in the circuit court of the countyof the residence of the claimant" (emphasis added). In this case, it is undisputed that while the employee's postal address is "Horton, Alabama," which is a town that we judicially notice to be in Marshall County (see Newton v. Town ofColumbia, 695 So.2d 1213, 1216 (Ala.Civ.App. 1997)), her actual physical residence is within Blount County.
In Director of State Dep't of Indus. Relations v.Nolin, 374 So.2d 903 (Ala.Civ.App. 1979), this court considered whether compliance with § 25-4-95's requirement that an appeal from a decision of the Department's Board of Appeals be taken to the circuit court in the county of the claimant's residence was necessary to invoke subject matterjurisdiction to review that decision. In that case, the claimant (who had appealed to a circuit court other than that of her residence) contended that the pertinent portion of § 25-4-95 set forth a venue requirement that could be waived by failing to plead the defense of improper venue (see generally Rule 12(h)(1), Ala.R.Civ.P.). This court rejected the claimant's contention, reasoning as follows:
 "Unemployment Compensation is a creature of statute and was unknown at common law. Therefore, the legislature may lay down any reasonable and non-discriminatory conditions it may see fit concerning eligibility and procedure. We see no hardship or unfairness in requiring appeals from the board's decisions to be taken in the circuit court of claimant's county of residence. In fact, we think the requirement stems from a desire to aid the claimant in presenting his case to the trial court. The procedure for pursuing an unemployment compensation claim is completely governed by statute, Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946), and the statutory procedures for appealing an unemployment compensation claim are exclusive. § 25-4-96, Code of Alabama (1975). The claimant did not comply with these procedures, and her appeal should have been dismissed."
Nolin, 374 So.2d at 904.
Since Nolin was decided 19 years ago, we have consistently applied to both claimants and other parties the requirement that an appeal from the Department's Board of Appeals be taken to the circuit court of the claimant's residence, and we have not deviated from our holding that compliance with that requirement is a jurisdictional prerequisite to judicial review. See, e.g., Cruce,380 So.2d at 900-01 (affirming dismissal of claimant's appeal taken to wrong county); Security Eng'rs, Inc. v. Anderson,421 So.2d 1298, 1298-99 (Ala.Civ.App. 1982) (affirming dismissal of employer's appeal, taken to circuit court in county of claimant's former residence, where claimant had moved to another county before appeal was taken); Pate v. Rasco,656 So.2d 855, 856-57 (Ala.Civ.App. 1995) (affirming assumption of jurisdiction by circuit court of county of claimant's residence *Page 849 
as of time of appeal, citing Nolin).[1]
Asserting that it "could only have known the proper county by having a land survey" or by inspecting the claimant's physical residence, the employer requests that this court overruleCruce (and, presumably, Nolin, Anderson, andPate as well), drawing an analogy to a circuit court's power to transfer, rather than dismiss, an original civil action brought in an improper venue (see Rule 82(d), Ala.R.Civ.P.). However, this argument (which the dissent apparently would adopt) overlooks the fact that "[a]n appeal is not a matter of vested right but it exists by the grace of either a statute or of a supreme court rule," Crawford v.Ray Pearman Lincoln Mercury, 420 So.2d 269, 271
(Ala. Civ.App. 1982), and that "[a]ppeals from decisions of administrative agencies are purely statutory." Ex parteCrestwood Hosp. Nursing Home, Inc., 670 So.2d 45, 48
(Ala. 1995). The legislature has determined that "[t]he procedure provided in [Article 5 of Chapter 4, Title 25, Ala. Code 1975] for the making of determinations with respect to claims for unemployment compensation benefits and forappealing from such determinations shall beexclusive." Section 25-4-96, Ala. Code 1975 (emphasis added). "As a general rule, where a special statutory provision provides for an exclusive method of review for a particular type case, no other method of review is available." Doggett v.Alabama Sec. Comm'n, 511 So.2d 204, 206 (Ala.Civ.App. 1987).
The dissent would overrule Nolin and cases relying upon it by invoking Rule 81(a), Ala.R.Civ.P., which states that the Rules of Civil Procedure shall apply to proceedings "appealed . . . or otherwise brought into" the circuit courts of this state. Rule 81(a)(32), Ala.R.Civ.P. However, this argument neglects to consider the entirety of Rule 81(a), which limits the applicability of the Rules of Civil Procedure "to the extent that the practice in such matters is not provided bystatute" (emphasis added). As we have noted, § 25-4-95, Ala. Code 1975, requires that appeals from decisions of the Department's Board of Appeals must be filed in the circuit court of the county of the residence of the claimant, and § 25-4-96, Ala. Code 1975, states that this procedure "shall be exclusive." Had the legislature not intended to vest "exclusive" jurisdiction with respect to unemployment compensation review proceedings in the circuit court of the county of the claimant's residence, it would not have enacted § 25-4-96 as it appears in our Code. Unlike the dissent, we presume that the Legislature knew the rule that where a special statutory provision provides for an exclusive method of review for a particular type case, no other method of review is available, and thus knew what it was doing when it used the term "exclusive." Where the Legislature, in a new statute, uses language that has previously been construed by the judiciary, the earlier judicial construction must be accepted as part of the new statute. Michael v. Beasley, 583 So.2d 245, 250
(Ala. 1991) (citing Musgrove v. U.S. Pipe FoundryCo., 290 Ala. 156, 159, 274 So.2d 640, 643 (1972) (construing statutory language that had been previously construed by the former Court of Appeals), overruled on other grounds by Tetter v. State, 358 So.2d 1046 (Ala. 1978)).
We further note that since Nolin was decided, the Legislature has had occasion to amend § 25-4-95, Ala. Code 1975. In 1995, § 25-4-95 was amended to allow for the filing of a notice of appeal within 30 days after the decision of the Department's Board of Appeals, rather than 10 days. 1995 Ala. Acts No. 95-311, § 1. However, the Legislature did not amend any portion of § 25-4-95 governing the court
that would have jurisdiction to consider any such appeal, and we interpret its re-enactment of § 25-4-95 without any substantial change in this regard as an acceptance ofNolin and its progeny. "A long line of cases hold[s] that where the legislature re-enacts a statute or uses language in a new statute which has been previously construed by the judiciary, the construction given in a prior decision must be accepted as part of the same." Musgrove,290 Ala. at 159, 274 So.2d at 643. We thus conclude that it is for the Legislature, and not this court, to confer appellate jurisdiction to review decisions of the Department's Board of Appeals *Page 850 
upon a circuit court in a county other than that of a claimant's residence, [2] and we decline the employer's and the dissent's invitation to overrule Cruce (or any ofNolin's other progeny).
The employer further contends that interpretation of the county of filing requirement in § 25-4-95 as pertaining to subject matter jurisdiction rather than venue renders that statute violative of due process guaranties afforded by the constitutions of the United States and Alabama. However, we note that the employer did not serve the Attorney General with a copy of its "Objection to Motion to Dismiss Appeal," which first raised this issue.
 "In a proceeding in which the constitutionality of a state statute is challenged, the attorney general of the state is entitled to be heard in the proceeding and must be served with notice. § 6-6-227, Code 1975. While this requirement is found in the Declaratory Judgment Act, §§ 6-6-220 through -232, Code 1975, the Alabama Supreme Court has determined that service on the attorney general is mandatory and jurisdictional, regardless of whether the action was brought as a declaratory judgment. Barger v. Barger, 410 So.2d 17 (Ala. 1982). When a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claims, and its decree is void. Guy v. Southwest Ala. Council on Alcoholism, 475 So.2d 1190
(Ala.Civ.App. 1985)."
City of Russellville v. Wilson, 591 So.2d 523, 524-25
(Ala.Civ.App. 1991). Although the employer served a copy of its brief on appeal upon the Attorney General, this does not cure our lack of jurisdiction to consider this issue based upon the employer's failure to comply with § 6-6-227 in the trial court. See Landers v. O'Neal Steel, Inc.,564 So.2d 925, 926 (Ala. 1990) (granting motion to strike constitutional challenge based upon § 6-6-227 despite service of appellate brief upon Attorney General). We therefore cannot address the employer's constitutional challenge to § 25-4-95, and we note that the trial court also was without power to consider this issue. See Ex parte Father Walter Memorial Child CareCtr., 656 So.2d 369, 371 (Ala. 1995).
The trial court in this case properly concluded that the employer's appeal was due to be dismissed because it was not brought in Blount County, the county of the claimant's residence. We therefore affirm its judgment.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
[1] We note that the author of the dissent in this case joined in the opinion in Pate.
[2] We note that the parties have not raised any issue concerning whether the venue provision of the Alabama Administrative Procedures Act (§ 41-22-20(b), Ala. Code 1975) is applicable to appeals taken pursuant to § 25-4-95; accordingly, we decline to address that issue.