I dissent. "The jurisdiction of a circuit court is the power to adjudicate granted by the constitution. The place where such power may be exercised is venue as directed by statute."Brogden v. Employees' Retirement System,336 So.2d 1376, 1380 (Ala.Civ.App. 1976).
 "There is a distinction between jurisdiction and venue. Jurisdiction refers to a court's inherent power to decide a case, Boswell v. Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428 (1974); Alabama State Bar Assoc. v. Watson, 289 Ala. 729, 272 So.2d 240 (1972); Ex parte Dothan-Houston County Airport Authority, 282 Ala. 316, 211 So.2d 451 (1968), while venue designates the geographical situs in which a court with jurisdiction may entertain a suit. Ex parte Dothan-Houston County Airport Authority, supra; Associated Grocers v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961)."
Redwing Carriers, Inc. v. Foster, 382 So.2d 554,555-56 (Ala. 1980), overruled on other grounds, ProfessionalIns. Corp. v. Sutherland, 700 So.2d 347 (Ala. 1997).
In Director of State Dep't of Indus. Relations v.Nolin, 374 So.2d 903 (Ala.Civ.App. 1979), this court discussed convenience or policy considerations for having an appeal heard by the circuit court in the county *Page 851 
where the unemployment compensation claimant resided:
 "We see no hardship or unfairness in requiring appeals from the board's decisions to be taken in the circuit court of claimant's county of residence. In fact, we think the requirement stems from a desire to aid the claimant in presenting his case to the trial court."
374 So.2d at 905. However, in Nolin, this court then concluded that the circuit court of a county where the claimant did not reside lacked jurisdiction, instead of merely being the wrong venue!
In Ex parte Varner, 571 So.2d 1108 (Ala. 1990), the court applied the Alabama Administrative Procedure, Ala. Code, § 41-22-1 et seq. ("AAPA"), to appeals to the circuit court from decisions of the board of appeals of the Department of Industrial Relations. Once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala.R.Civ.P.; Covin v. Alabama Bd. of Examiners inCounseling, 712 So.2d 1103 (Ala.Civ.App. 1998). Therefore, Rule 82(d)(1), Ala.R.Civ.P., applies; that rule states:
 "When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."
(Emphasis added.)
I would overrule Nolin and the cases relying on it for the proposition that an appeal to the circuit court of a county where the claimant does not reside presents a jurisdictional issue rather than a venue issue.