ROBERTSON, Presiding Judge,
concurring specially.
I concur in the decision to vacate the judgment of the circuit court. As we recently stated in Tyson Foods, Inc. v. Thompson, 719 So.2d 847 (Ala.Civ.App.1998):
Since [Director of State Dep’t of Indus. Relations v.] Nolin[, 374 So.2d 903 (Ala.Civ.App.1979), ] was decided ..., we have consistently applied to both claimants and other parties the requirement that an appeal from the Department’s Board of Appeals be taken to the circuit court of the claimant’s residence, and we have not deviated from our holding that compliance with that requirement is a jurisdictional prerequisite to judicial review. See, e.g., Cruce [v. Demarco Concrete & Block Co.], 380 So.2d [900,] 900-01 [(Ala.Civ.App.1980)] (affirming dismissal of claimant’s appeal taken to wrong county); Security Eng’rs, Inc. v. Anderson, 421 So.2d 1298, 1298-99 (Ala.Civ.App.1982) (affirming dismissal of employer’s appeal, *158 taken to circuit court in county of claimant’s former residence, where claimant had moved to another county before appeal was taken); Pate v. Rasco, 656 So.2d 855, 856-57 (Ala.Civ.App.1995) (affirming assumption of jurisdiction by circuit court of county of claimant’s residence as of time of appeal, citing No-lin).
Tyson Foods, 719 So.2d at 848-49 (footnote omitted).
The employer in Tyson Foods, like the employer in this case, erred in determining the county of the claimant’s actual residence, and argued that the county-of-filing requirement in § 25-4-95, Ala.Code 1975, should be construed as pertaining to venue rather than jurisdiction. However, we rejected that argument in Tyson Foods, noting, among other things, that where (as here) a special statutory provision provides for an exclusive method of review for a particular kind of case, ho other method of review is available, and that the legislature had reenacted § 25-4-95 without making any substantial changes to the county-of-residence requirement this court had construed in Nolin, thereby indicating that Nolin’s interpretation of § 25-4-95 was correct.
The sole differences between this case and Tyson Foods are (1) the circuit court to which the employer appealed in this case transferred the appeal to what would have been the proper court had the appeal been taken properly; and (2) this case is a “test case” wherein the claimant was chosen to represent a class of claimants. Neither of these factors compels a holding contrary to Tyson Foods. First, when a decision of the board of appeals of the Department of Industrial Relations relating to unemployment compensation is appealed to the wrong circuit court, the jurisdictional defect cannot be cured by transfer to the right circuit court. See Cruce, 380 So.2d at 900-01 (holding that a circuit court in Jefferson County, where an unemployment claimant resided, properly dismissed his appeal after it was transferred from Shelby County, where it had originally been filed). Second, § 25-4-95 requires that an appeal from DIR’s board of appeals by any party to the proceeding must be filed in the county of the claimant’s residence. While a “test case” will by its nature almost always affect claimants in more than one county, there is no indication in § 25-4-95 that the legislature intended to relieve a party aggrieved by a decision by the board of appeals in a “test case” from the eounty-of-residence filing requirement.
Nolin, Cruce, and Tyson Foods compel a conclusion that the circuit court was without jurisdiction to enter a judgment, and that its judgment must therefore be vacated. This conclusion disposes of the claimant’s appeal, and the court need not reach the issue whether, under § 25-4-78, Ala. Code 1975, the claimants were employed in a separate “establishment” from the workers who went on strike at the employer’s Delphi-Dayton plant; I express no opinion as to that issue.
YATES and THOMPSON, JJ., concur.