800 So.2d 159 (2000)
Ex parte GENERAL MOTORS CORPORATION.
(In re Jerry W. Hilley, test-case claimant, and all similarly situated claimants v. General Motors Corporation).
1981717.
Supreme Court of Alabama.
February 25, 2000.
Rehearing Denied May 5, 2000.
*160 Charles A. Powell III, William D. Jones III, Spencer A. Kinderman, and William C. Barker of Johnston, Barton, Proctor & Powell, L.L.P., Birmingham, for petitioner.
John L. Quinn, George N. Davies, and Leslie J. Horton of Nakamura, Quinn & Walls, L.L.P., Birmingham, for respondents.
HOUSTON, Justice.
Jerry Hilley, along with over 1,000 other employees of the Delphi-Harrison and Delphi-Saginaw plants, filed for unemployment-compensation benefits from their employer, General Motors Corporation ("GM"). The case was taken through the correct administrative procedures. GM and the claimants agreed to expedite the case through a test-case procedure, which would bind all claimants by the outcome of the case of a single claimant, Jerry Hilley. The claimants took their claim to the State Board of Appeals, which ruled in favor of Hilley. GM appealed to the Jefferson Circuit Court, which transferred the case to the Tuscaloosa Circuit Court. That court reversed the ruling of the State Board of Appeals. Hilley appealed to the Court of Civil Appeals, which reversed the ruling of the Tuscaloosa Circuit Court. Hilley v. *161 General Motors Corp., 800 So.2d 150 (Ala. 1999). We granted GM's petition for certiorari review. We reverse and remand.
The claimants in this case worked at one or the other of two GM plants located in Alabama, Delphi-Harrison and Delphi-Saginaw. Both of these plants produced parts to be used in the automobile assembly line at another GM plant in Dayton, Ohio. This case began when the claimants were laid off by GM because of a strike at the Dayton plant and a resulting lack of demand for parts produced at the two Alabama plants. The claimants filed with GM for unemployment compensation, but GM denied their claims, on the basis that the claimants were part of the same union as the strikers in Dayton (the United Auto Workers Union) and, therefore, that their unemployment was "due to a labor dispute still in active progress in the establishment in which [they are] or [were] last employed." Ala.Code 1975, § 25-4-78(1). This section of the Code would relieve GM of its obligation to pay unemployment benefits. After the initial denial, the Alabama Department of Industrial Relations, GM, and the claimants agreed to use a test-case procedure. Under this procedure, the claimants choose a representative and all other claimants are bound by the outcome of the representative's case. The claimants chose Jerry Hilley as the representative. The claimants took their claim to the State Board of Appeals, arguing that § 25-4-78(1) was inapplicable. The State Board of Appeals ruled in favor of Hilley, granting him unemployment benefits.
GM then appealed to the Jefferson Circuit Court. There Hilley moved to dismiss the appeal, arguing that § 25-4-95 required that the appeal be brought in the county of the claimant's residence, and pointing out that Hilley was a resident of Tuscaloosa County. Therefore, Hilley argued the appeal should be dismissed on the basis that GM had not complied with what he argued was a jurisdictional provision in the statute allowing the appeal. GM filed a brief in opposition to the motion to dismiss; in the alternative, it moved to transfer the appeal to the Tuscaloosa Circuit Court. The Jefferson Circuit Court transferred the case to the Tuscaloosa Circuit Court, where Hilley again moved to dismiss, again arguing that § 25-4-95 conferred jurisdiction on only one courtthe court of the county in which the claimant residesand arguing that if the jurisdictional requirement is not complied with when the appeal is initially filed, then the appeal must be dismissed. The Tuscaloosa Circuit Court denied the motion to dismiss and exercised jurisdiction over the appeal. After hearing arguments, the court reversed the ruling of the State Board of Appeals, and entered a judgment denying unemployment-compensation benefits to the claimants.
Hilley appealed the circuit court's judgment to the Court of Civil Appeals. That court, citing a line of its own cases, agreed with Hilley that because the appeal from the ruling of the State Board of Appeals had been filed in the Jefferson Circuit Court, a jurisdictional requirement had not been met, and the appeal should have been dismissed. See Hilley, 800 So.2d 151. Judge Crawley dissented, stating again the reasons he had offered in the Court of Civil Appeals' line of earlier cases. He reasoned that § 25-4-95 did not confer jurisdiction upon a single circuit court, but, instead, only indicated the proper venue for an action such as Hilley's. Hilley, 800 So.2d at 158 (quoting Tyson Foods, Inc. v. Thompson, 719 So.2d 847 (Ala.Civ. App.1998)).
The sole issue on this certiorari review is whether the Court of Civil Appeals erred in reversing the Tuscaloosa *162 Circuit Court's exercise of jurisdiction over the appeal from the State Board of Appeals. We recognize that the parties have also argued the underlying substantive issue whether GM owes the claimants unemployment compensation. However, because this substantive issue was addressed by only one judge of the Court of Civil Appeals, and not the majority, the writing on that issue did not constitute a holding of that court. Thus, that substantive issue is not before this Court.
The question here is whether § 25-4-95 confers on a single circuit court jurisdiction of GM's appeal from the ruling of the State Board of Appeals, or merely indicates the proper venue for that appeal. The Court of Civil Appeals based its decision on a line of cases beginning with Director of State Dep't of Indus. Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App.1979). All the cases in that line held that the requirement that an appeal from the State Board of Appeals be filed in the county of the claimant's residence is a jurisdictional one and that a filing in that county is a prerequisite to judicial review. See Cruce v. Demarco Concrete & Block Co. and State of Alabama Dep't of Indus. Relations, 380 So.2d 900 (Ala.Civ.App.1980); Security Engineers Inc. v. Anderson, 421 So.2d 1298 (Ala.Civ.App.1982); Tyson Foods, 719 So.2d at 848. In Nolin, the Court of Civil Appeals stated:
"Unemployment compensation is a creature of statute and was unknown at common law. Therefore, the legislature may lay down any reasonable and nondiscriminatory conditions it may see fit concerning eligibility and procedure. We see no hardship or unfairness in requiring appeals from the board's decisions to be taken in the circuit court of claimant's county of residence. In fact, we think the requirement stems from a desire to aid the claimant in presenting his case to the trial court. The procedure for pursuing an unemployment compensation claim is completely governed by statute, Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946), and the statutory procedures for appealing an unemployment compensation claim are exclusive. [Ala.Code 1975,] § 25-4-96. The claimant did not comply with these procedures, and her appeal should have been dismissed."
374 So.2d at 905. In the 20 years since it decided Nolin, the Court of Civil Appeals has consistently held that compliance with the procedural requirement of § 25-4-95 is a "jurisdictional prerequisite to judicial review." Tyson Foods, 719 So.2d at 848.
Courts recognize a distinction between jurisdiction and venue. Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala.1980), overruled on other grounds, Professional Ins. Corp. v. Sutherland, 700 So.2d 347 (Ala.1997). In Redwing Carriers, this Court held that the term "jurisdiction" refers to a court's inherent power to decide a case, while the term "venue" relates to the placethe geographical situs where a court with jurisdiction may hear a case. 382 So.2d at 554-55. As Judge Crawley pointed out in dissent, both in Tyson Foods and in the present case, the Court of Civil Appeals explained its holding in Nolin by discussing convenience or policy considerations for having an appeal heard by the circuit court in the county of the claimant's residence. Hilley, 800 So.2d at 159 (quoting his dissent in Tyson Foods, 719 So.2d at 850-51). Judge Crawley then states that the court in Nolin "[without explanation] ... concluded that the circuit court of a county where the claimant did not reside lacked jurisdiction, instead of merely being the wrong venue!" Judge Crawley continued to quote his dissent in Tyson Foods:

*163 "Once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala. R. Civ. P., Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103 (Ala.Civ.App. 1998). Therefore, Rule 82(d)(1), Ala. R. Civ. P., applies; that rule states:
"`"When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."'"
Hilley, 800 So.2d at 159 (quoting Tyson Foods, 719 So.2d at 851 (Crawley, J., dissenting)).
We agree with Judge Crawley that § 25-4-95, in referring to a claimant's county of residence, does not confer jurisdiction, but, instead, directs the proper venue for an appeal under that statute. Section 25-4-95 reads in pertinent part:
"Within 30 days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant...."
The language of the statute does not indicate that this provision relates to jurisdiction; instead, it suggests that this provision merely designates the proper venue, or place, for filing the appeal. Furthermore, the policy reasons that support the rule that an appeal from the ruling of the State Board of Appeals is to be filed in the county of the claimant's residence are reasons relating to the convenience of the claimant. In other words, they are considerations relating to the matter of venue, not the matter of jurisdiction. Therefore, when an appeal pursuant to § 25-4-95 is filed in the wrong circuit court, that circuit court should transfer the appeal to the circuit court designated by the statute.[1]
The judgment of the Court of Civil Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SEE, and BROWN, JJ., concur.
LYONS, J., concurs specially.
JOHNSTONE and ENGLAND, JJ., dissent.
LYONS, Justice (concurring specially).
The main opinion quotes with approval from Judge Crawley's dissenting opinion. Hilley v. General Motors Corp., 800 So.2d 150, 158 (Ala.Civ.App.1999). Judge Crawley's dissent cites Rule 81(a), Ala. R. Civ. P., for the proposition that "`once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply.'" 800 So.2d at 159 (quoting Tyson Foods, Inc. v. *164 Thompson, 719 So.2d 847, 851 (Ala.Civ. App.1998) (Crawley, J., dissenting)). From there, Judge Crawley refers to Rule 82(d)(1), which provides for the transfer of an action that has been commenced in the wrong county. Although I agree with the conclusion that "§ 25-4-95, in referring to a claimant's county of residence, does not confer jurisdiction, but, instead, directs the proper venue for an appeal under that statute," 800 So.2d at 163, I write specially to discuss the circumstances that must be present in order for the Rules of Civil Procedure to apply.
The Rules of Civil Procedure cannot be applied if applying them would offend restrictions imposed by our Constitution. The Alabama Constitution of 1901 prohibits the use of procedural or administrative rules either to "abridge, enlarge or modify the substantive right of any party" or to "affect the jurisdiction of circuit and district courts or venue of actions therein." Ala. Const. of 1901, Amend. No. 328, § 6.11. At the same time, Rule 81(a) reads:
"(a) Proceedings Controlled by Statute. In the following proceedings, these rules shall be applicable to the extent that the practice in such matters is not provided by statute:

". . . .
"(32) All other actions or proceedings removed, appealed, taken by certiorari or otherwise brought into the courts enumerated in Rule 1. The applicability of these rules as provided in this subdivision (a) shall not affect the scope of review or hearing."
(Emphasis added.) Therefore, when a statute regulating a proceeding is silent on a particular issue, the Alabama Rules of Civil Procedure will apply, so long as the application of those Rules does not violate § 6.11 of the Constitution.
Before reaching that constitutional question, we should determine whether § 25-4-95, Ala.Code 1975, is silent on the issue of a transfer based on improper venue. Section 25-4-95 provides that one may secure judicial review of a decision of the Board of Appeals of the Department of Industrial Relations "by filing a notice of appeal in the circuit court of the county of the residence of the claimant." Thus, we must ask whether the Legislature, in formulating the remedy of judicial review in § 25 4-95, specifically excluded the prospect of a transfer upon a filing in the wrong county. Finding no such exclusion expressed in § 25-4-95, I conclude that that statute is silent on this issue.
Next, we should ask whether this Court can rely on that silence and apply Rule 82(d)(1), allowing a change of venue, without violating Amend. No. 328, § 6.11. By selecting the circuit court as the place for filing the notice of appeal, the Legislature brought the Constitution into play by specifying a unit of the constitutionally mandated "unified judicial system." Ala. Const. of 1901, Amend. No. 328, § 6.01. The circuit courts of this State have "general jurisdiction in all cases except as may otherwise be provided by law." Ala. Const. of 1901, Amend. No. 328, § 6.04 (emphasis added). Therefore, the silence of § 25-4-95 in regard to the exclusivity of the county in which a notice of appeal may be filed, should be treated as the Legislature's failure to "otherwise provide by law." In other words, when the Legislature conferred the power to conduct judicial review of rulings of the Board of Appeals of the Department of Industrial Relations, on the circuit court (a court of general jurisdiction) of the county of the residence of the claimant, it did so in a setting where the Constitution authorized it to limit the jurisdiction of that court in such proceedings if it chose to do so. As previously noted, it plainly did not. This *165 inaction on the part of the Legislature is authorized by § 6.04, and to interpret Rule 81(a)(32) so as to allow the application of Rule 82(d)(1) therefore cannot be viewed as applying the Rules of Civil Procedure in such a way as to "affect the jurisdiction" of a circuit court, contrary to § 6.11.
Other jurisdictions that have addressed statutes prescribing a particular place for the review of rulings of unemployment-compensation boards have not reached consistent results. Some jurisdictions addressing these statutes have treated them as prescribing proper venue for the review, rather than as establishing a particular court's exclusive subject-matter jurisdiction. See, e.g., Robinson v. Oklahoma Employment Sec. Comm'n, 932 P.2d 1120 (Okla.1997); Smith v. Hayes Albion, 214 Mich.App. 82, 542 N.W.2d 298 (1995). Cases from other jurisdictions have treated such statutes as granting a particular court exclusive subject-matter jurisdiction over the review, but those cases have not arisen in circumstances such as we have here. See, e.g., Basin Elec. Power Coop. v. North Dakota Workers Compensation Bureau, 541 N.W.2d 685 (N.D.1996); Collins & Assocs. Dietary Consultants, Inc., 724 S.W.2d 243 (Mo.1987); Caruso v. Nevada Employment Sec. Dep't, 103 Nev. 75, 734 P.2d 224 (1987); and Northern Messenger, Inc. v. Sorensen, 218 Neb. 846, 359 N.W.2d 787 (1984). The combined effects of Ala. Const. of 1901, Amend. No. 328, §§ 6.01, 6.04, and 6.11, and Rules 81(a)(32) and 82(d)(1), Ala. R. Civ. P., require a different result for our circuit courts. I therefore concur.
JOHNSTONE, Justice (dissenting).
I respectfully dissent because the Legislature has reenacted § 25-4-95, Ala.Code 1975, without material change,[2] 1995 Ala. Act No. 95-311, p. 582, § 2, p. 608, since Director of State Dep't of Indus. Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App.1979), Cruce v. Demarco Concrete & Block Co. and State of Alabama Dep't of Indus. Relations, 380 So.2d 900 (Ala.Civ.App.1980), and Security Engineers, Inc. v. Anderson, 421 So.2d 1298 (Ala.Civ.App.1982), were decided and has thereby manifested legislative intent in accord with the holdings of those cases that the requirements of § 25-4-95 are jurisdictional. See Hamm v. Harrigan, 278 Ala. 372, 383, 178 So.2d 529, 540 (1965) ("[W]here a statute has been construed, and is reenacted without material change, such construction must be accepted as part of the statute.").
I recognize that in 1927 this Court said, "Nor does the doctrine that when a statute had been readopted without change, and which had previously received a well-known interpretation by this court, apply to the decisions of an inferior or intermediate court." Rea v. Keller, 215 Ala. 672, 673, 112 So. 211, 212 (1927). However, in 1928 the Court of Appeals stated
"It is elementary law in the construction of statutes that re-enacted statutes must receive the known, settled construction which they had received when previously of force. It must be presumed that the Legislature intended the adoption of that construction, or they would have varied the words adapting them to a different intent....
"We are not impressed with the contention made by the state that the decisions of this court are not final unless reviewed by and approved by the Supreme Court. By section 7309 of the *166 Code of 1923 the Court of Appeals is given final appellate jurisdiction coextensive with the state in certain matters therein named. True, section 7318 of Code provides that the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, and the decisions and proceedings of such court shall be subject to the Supreme Court as provided in section 140 of the Constitution. But it is only in certain cases that the Supreme Court will review the decisions of this court, and only then when properly presented according to well-defined rules. Postal Tel.-Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Lancaster v. State, 21 Ala.App. 140, 106 So. 609. Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction." (Emphasis in original.)
People's Auto Co. v. State, 23 Ala.App. 7, 8, 121 So. 907, 908 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). And in 1988 Justice Shores, speaking for this Court, adopted the dissent of Judge Bowen in a case from his court on certiorari review by the Supreme Court:
"`"Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction." People's Auto Co. v. State, 23 Ala.App. 7, 8, 121 So. 907 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). This principle is part of the foundation of our system of jurisprudence:
"`"While the law is and should be ever in progression towards perfection its application should be as immutable as the law of gravitation until a change has been effected either by constitutional amendment, by legislation or by judicial interpretation.
"`. . . .
"`"Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance what was [the crime of escape under our decision in Alexander v. State, 475 So.2d 625 (Ala.Crim.App.1984)] would now [be no crime].
"`"Such a ruling would do violence to our time-honored tradition of trial courts' reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exercise of bounden duty looked to the decisions of the appellate court for guidance." State v. Stout, 90 Okla. Crim. 35, 210 P.2d 199, 203 (1949).'"
Ex parte Grantham, 540 So.2d 779, 781 (Ala.1988) (quoting the dissent of Judge Bowen in Grantham v. State, 540 So.2d 775, 779 (Ala.Crim.App.1987)).
The Court of Civil Appeals has "exclusive appellate jurisdiction of ... all appeals from administrative agencies other than the Alabama Public Service Commission...." § 12-3-10, Ala.Code 1975. Thus appeals from final judgments in unemployment compensation cases are within the "exclusive appellate jurisdiction" of the Court of Civil Appeals. §§ 12-3-10 and 41-22-21. See also Ex parte Varner, 571 So.2d 1108 (Ala.1990). Therefore, the Court of Civil Appeals decisions in Nolin, Cruce, and Security Engineers, Inc., supra, had the force and effect of judicial construction when the Legislature reenacted § 25-4-95, without material change, in 1995. Accordingly, the Court of Civil *167 Appeals' pre-1995 construction of § 25-4-95 must be accepted as part of the statute.
Because the requirements of § 25-4-95, as judicially construed and legislatively reenacted, are jurisdictional, the Court of Civil Appeals was right in holding that the Circuit Court of Jefferson County, the only circuit court where an appeal was timely filed, lacked jurisdiction. We should affirm.
ENGLAND, J., concurs.
NOTES
[1] Our research indicates that four other jurisdictions have dealt with this issue. Both the Supreme Court of North Dakota and the Supreme Court of Missouri have held that statutes similar to our § 25-4-95 confer jurisdiction. See Basin Elec. Power Coop. v. North Dakota Workers Compensation Bureau, 541 N.W.2d 685 (N.D.1996); and Collins & Assocs. Dietary Consultants, Inc. v. Labor & Industrial Relations Bureau, 724 S.W.2d 243 (Mo.1987). However, the Supreme Court of Oklahoma and the Court of Appeals of Michigan have held that statutes similar to our § 25-4-95 do not confer jurisdiction, but merely state the correct venue for the appeal. See Robinson v. Oklahoma Employment Security Comm'n, 932 P.2d 1120 (Okla.1997); and Smith v. Hayes Albion, 214 Mich.App. 82, 542 N.W.2d 298 (1995). Furthermore, both of these courts allowed the transfer of an appeal that was initially filed in the wrong court. See Robinson, 932 P.2d at 1123; Smith, 214 Mich.App. at 90, 542 N.W.2d at 301.
[2] Act No. 95-311 allowed the appellant 30 days instead of 10 days for the filing of an appeal but maintained the same restrictions on the location where the appeal must be filed.