Jerry Hilley, along with over 1,000 other employees of the Delphi-Harrison and Delphi-Saginaw plants, filed for unemployment-compensation benefits from their employer, General Motors Corporation ("GM"). The case was taken through the correct administrative procedures. GM and the claimants agreed to expedite the case through a test-case procedure, which would bind all claimants by the outcome of the case of a single claimant, Jerry Hilley. The claimants took their claim to the State Board of Appeals, which ruled in favor of Hilley. GM appealed to the Jefferson Circuit Court, which transferred the case to the Tuscaloosa Circuit Court. That court reversed the ruling of the State Board of Appeals. Hilley appealed to the Court of Civil Appeals, which reversed the ruling of the Tuscaloosa Circuit Court. Hilley v. General Motors Corp., *Page 161 800 So.2d 150 (Ala. 1999). We granted GM's petition for certiorari review. We reverse and remand.
The claimants in this case worked at one or the other of two GM plants located in Alabama, Delphi-Harrison and Delphi-Saginaw. Both of these plants produced parts to be used in the automobile assembly line at another GM plant in Dayton, Ohio. This case began when the claimants were laid off by GM because of a strike at the Dayton plant and a resulting lack of demand for parts produced at the two Alabama plants. The claimants filed with GM for unemployment compensation, but GM denied their claims, on the basis that the claimants were part of the same union as the strikers in Dayton (the United Auto Workers Union) and, therefore, that their unemployment was "due to a labor dispute still in active progress in the establishment in which [they are] or [were] last employed." Ala. Code 1975, § 25-4-78)(1). This section of the Code would relieve GM of its obligation to pay unemployment benefits. After the initial denial, the Alabama Department of Industrial Relations, GM, and the claimants agreed to use a test-case procedure. Under this procedure, the claimants choose a representative and all other claimants are bound by the outcome of the representative's case. The claimants chose Jerry Hilley as the representative. The claimants took their claim to the State Board of Appeals, arguing that § 25-4-78(1) was inapplicable. The State Board of Appeals ruled in favor of Hilley, granting him unemployment benefits.
GM then appealed to the Jefferson Circuit Court. There Hilley moved to dismiss the appeal, arguing that § 25-4-95
required that the appeal be brought in the county of the claimant's residence, and pointing out that Hilley was a resident of Tuscaloosa County. Therefore, Hilley argued the appeal should be dismissed on the basis that GM had not complied with what he argued was a jurisdictional provision in the statute allowing the appeal. GM filed a brief in opposition to the motion to dismiss; in the alternative, it moved to transfer the appeal to the Tuscaloosa Circuit Court. The Jefferson Circuit Court transferred the case to the Tuscaloosa Circuit Court, where Hilley again moved to dismiss, again arguing that § 25-4-95 conferred jurisdiction on only one court — the court of the county in which the claimant resides — and arguing that if the jurisdictional requirement is not complied with when the appeal is initially filed, then the appeal must be dismissed. The Tuscaloosa Circuit Court denied the motion to dismiss and exercised jurisdiction over the appeal. After hearing arguments, the court reversed the ruling of the State Board of Appeals, and entered a judgment denying unemployment-compensation benefits to the claimants.
Hilley appealed the circuit court's judgment to the Court of Civil Appeals. That court, citing a line of its own cases, agreed with Hilley that because the appeal from the ruling of the State Board of Appeals had been filed in the Jefferson Circuit Court, a jurisdictional requirement had not been met, and the appeal should have been dismissed. See Hilley, 800 So.2d 151. Judge Crawley dissented, stating again the reasons he had offered in the Court of Civil Appeals' line of earlier cases. He reasoned that §25-4-95 did not confer jurisdiction upon a single circuit court, but, instead, only indicated the proper venue for an action such as Hilley's. Hilley, 800 So.2d at 158 (quoting Tyson Foods,Inc. v. Thompson, 719 So.2d 847 (Ala.Civ.App. 1998)).
The sole issue on this certiorari review is whether the Court of Civil Appeals erred in reversing the Tuscaloosa *Page 162 
Circuit Court's exercise of jurisdiction over the appeal from the State Board of Appeals. We recognize that the parties have also argued the underlying substantive issue — whether GM owes the claimants unemployment compensation. However, because this substantive issue was addressed by only one judge of the Court of Civil Appeals, and not the majority, the writing on that issue did not constitute a holding of that court. Thus, that substantive issue is not before this Court.
The question here is whether § 25-4-95 confers on a single circuit court jurisdiction of GM's appeal from the ruling of the State Board of Appeals, or merely indicates the proper venue for that appeal. The Court of Civil Appeals based its decision on a line of cases beginning with Director of State Dep't of Indus.Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App. 1979). All the cases in that line held that the requirement that an appeal from the State Board of Appeals be filed in the county of the claimant's residence is a jurisdictional one and that a filing in that county is a prerequisite to judicial review. See Cruce v.Demarco Concrete Block Co. and State of Alabama Dep't of Indus.Relations, 380 So.2d 900 (Ala.Civ.App. 1980); SecurityEngineers Inc., v. Anderson, 421 So.2d 1298 (Ala.Civ.App. 1982); Tyson Foods, 719 So.2d at 848 In Nolin, the Court of Civil Appeals stated:
 "Unemployment compensation is a creature of statute and was unknown at common law. Therefore, the legislature may lay down any reasonable and non-discriminatory conditions it may see fit concerning eligibility and procedure. We see no hardship or unfairness in requiring appeals from the board's decisions to be taken in the circuit court of claimant's county of residence. In fact, we think the requirement stems from a desire to aid the claimant in presenting his case to the trial court. The procedure for pursuing an unemployment compensation claim is completely governed by statute, Ex parte Miles, 248 Ala. 386, 27 So.2d 777
(1946), and the statutory procedures for appealing an unemployment compensation claim are exclusive. [Ala. Code 1975,] § 25-4-96. The claimant did not comply with these procedures, and her appeal should have been dismissed."
374 So.2d at 905. In the 20 years since it decided Nolin, the Court of Civil Appeals has consistently held that compliance with the procedural requirement of § 25-4-95 is a "jurisdictional prerequisite to judicial review." Tyson Foods, 719 So.2d at 848.
Courts recognize a distinction between jurisdiction and venue. Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala. 1980), overruled on other grounds, Professional Ins. Corp. v.Sutherland, 700 So.2d 347 (Ala. 1997). In Redwing Carriers, this Court held that the term "jurisdiction" refers to a court's inherent power to decide a case, while the term "venue" relates to the place — the geographical situs — where a court with jurisdiction may hear a case. 382 So.2d at 554-55. As Judge Crawley pointed out in dissent, both in Tyson Foods and in the present case, the Court of Civil Appeals explained its holding inNolin by discussing convenience or policy considerations for having an appeal heard by the circuit court in the county of the claimant's residence. Hilley, 800 So.2d at 159 (quoting his dissent in Tyson Foods, 719 So.2d at 850-51). Judge Crawley then states that the court in Nolin "[without explanation] . . . concluded that the circuit court of a county where the claimant did not reside lacked jurisdiction, instead of merely being the wrong venue!" Judge Crawley continued to quote his dissent inTyson Foods: *Page 163 
 "Once an appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala.R.Civ.P., Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103 (Ala.Civ.App. 1998). Therefore, Rule 82(d)(1), Ala.R.Civ.P., applies; that rule states:
 "`"When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."'"
Hilley, 800 So.2d at 159 (quoting Tyson Foods, 719 So.2d at 851 (Crawley, J., dissenting)).
We agree with Judge Crawley that § 25-4-95, in referring to a claimant's county of residence, does not confer jurisdiction, but, instead, directs the proper venue for an appeal under that statute. Section 25-4-95 reads in pertinent part:
 "Within 30 days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant. . . ."
The language of the statute does not indicate that this provision relates to jurisdiction; instead, it suggests that this provision merely designates the proper venue, or place, for filing the appeal. Furthermore, the policy reasons that support the rule that an appeal from the ruling of the State Board of Appeals is to be filed in the county of the claimant's residence are reasons relating to the convenience of the claimant. In other words, they are considerations relating to the matter of venue, not the matter of jurisdiction. Therefore, when an appeal pursuant to § 25-4-95
is filed in the wrong circuit court, that circuit court should transfer the appeal to the circuit court designated by the statute.[1]
The judgment of the Court of Civil Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, See, and BROWN, JJ., concur.
LYONS, J., concurs specially.
JOHNSTONE and ENGLAND, JJ., dissent.
[1] Our research indicates that four other jurisdictions have dealt with this issue. Both the Supreme Court of North Dakota and the Supreme Court of Missouri have held that statutes similar to our § 25-4-95 confer jurisdiction. See Basin Elec. Power Coop. v.North Dakota Workers Compensation Bureau, 541 N.W.2d 685 (N.D. 1996); and Collins Assocs. Dietary Consultants, Inc. v. Labor Industrial Relations Bureau, 724 S.W.2d 243 (Mo. 1987). However, the Supreme Court of Oklahoma and the Court of Appeals of Michigan have held that statutes similar to our § 25-4-95 do not confer jurisdiction, but merely state the correct venue for the appeal. See Robinson v. Oklahoma Employment Security Comm'n, 932 P.2d 1120
(Okla. 1997); and Smith v. Hayes Albion, 214 Mich. App. 82,542 N.W.2d 298 (1995). Furthermore, both of these courts allowed the transfer of an appeal that was initially filed in the wrong court. See Robinson, 932 P.2d at 1123; Smith, 214 Mich. App. at 90,542 N.W.2d at 301.