I concur fully in the main opinion. I write specially to discuss the issue whether § 6-5-440 applies in this case. That statute provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
Chapman sought judicial review in the Coosa Circuit Court of a decision of the board of appeals of the Department of Industrial Relations allowing McDonald unemployment-compensation benefits by filing a notice of appeal in the circuit court of the county of McDonald's residence pursuant to Ala. Code 1975, § 25-4-95. Chapman subsequently filed a civil action in the Tallapoosa Circuit Court seeking damages from McDonald and James Chapman arising from the alleged wrongdoing that led to their termination. It is this latter action that was transferred to the Coosa Circuit Court on McDonald's motion and as to which Chapman seeks a writ of mandamus.
We apply the principles of res judicata to determine whether §6-5-440 applies. Sessions v. Jack Cole Co., 276 Ala. 10, 12-13,158 So.2d 652, 654-655 (1963). The cause of action is the same for res judicata purposes when the same evidence will support both actions. Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634,636-37 (Ala. 1998). We require "substantial identity of parties" in determining the applicability of the bar of res judicata. Exparte Ford Motor Credit Co., 772 So.2d 437, 440 (Ala. 2000). But the identity need only be substantial, not absolute. SeeDairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala. 1990) ("However, the `party identity criterion of res judicata
does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is *Page 818 
not so attenuated as to violate due process.' Whisman v. AlabamaPower Co., 512 So.2d 78, 82 (Ala. 1987) (citations omitted)."). Here Chapman and McDonald were adverse to each other in both proceedings and the issue in each proceeding involved the sufficiency of evidence of McDonald's alleged defalcation. Thus res judicata does apply in this case.
While proceedings under § 25-4-95, a part of Alabama's Unemployment Compensation Act, are statutory in origin, I find nothing in the statute creating the remedy of appeal of a determination of the board of appeals of the Department of Industrial Relations that displaces Rule 18(a), Ala. R. Civ. P., Joinder of Claims. When a statute is silent on a procedural matter, the Rules of Civil Procedure fill the void. See In reAnonymous, 720 So.2d 497, 502 (Ala. 1998), citing Rule 81(a)(32). Proceedings under § 25-4-95 have been held to be nonjury. See Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946), holding that the predecessor to Ala. Code 1975, § 25-4-95, did not allow for the trial by jury of an unemployment-compensation case. Nevertheless, the Rules of Civil Procedure contemplate the resolution of a claim that is triable before a jury in the same proceeding with a nonjury claim. See, e.g., Wootten v. Ivey,877 So.2d 585, 589 (Ala. 2003). For the foregoing reasons, I conclude that § 6-5-440 applies, yet I also concur in the main opinion's rejection of the trial court's application of § 6-5-440
as a basis for the transfer of the case.