331 So.2d 685

**Colonel Eldred C. DOTHARD, in his capacity as Director of Public Safety, State of Alabama, and William J. Baxley, in his capacity as Attorney General of the State of Alabama,**

v.

**Lowell FORBUS.**

**Civ. 587.**

Court of Civil Appeals of Alabama.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston III, Asst. Atty. Gen., for appellants.

Welch & Tucker, Birmingham, for appellee.

WRIGHT, Presiding Judge.

Appellant, the Director of Public Safety, appeals from an order setting aside his revocation of the driver's license of Forbus. The director also seeks, in the alternative, a writ of mandamus ordering the honorable judge of the Jefferson County Circuit Court to vacate his order setting aside the revocation.

The record contains no transcript of testimony. The following facts are drawn from exhibits introduced and judgments issued by the trial court.

On August 10, 1974, Forbus was arrested by police in Floyd County, Georgia on a charge of driving while intoxicated. He posted cash bond to assure his appearance in court on August 23. He did not appear at the hearing in Georgia on that date. The record of the Floyd County Court shows that a forfeiture of bond was taken against Forbus on August 16, 1974, seven days before he was to appear.

By letter dated September 7, 1974, the Director notified Forbus that, pursuant to Title 36, Section 68, Code of Alabama (1940), his driver's license was revoked effective October 2, 1974. The reason stated therein was conviction of driving under the influence of intoxicants in the state of Georgia. Under Section 68 a forfeiture of bond has the same effect as a conviction. This revocation was discretionary, as Section 68 *authorizes* the director to revoke or suspend a license upon proof that a driver was convicted of D.W.I. in another state. This is in contrast to other provisions of Section 68 *requiring* the Director to revoke the license of a driver convicted of D.W.I. in this state.

By letter dated October 23, 1974, Forbus's attorney requested a hearing on the matter. The Director responded by form stating that he did not consider the request for a hearing a legal one, as the only reason for such a hearing was to "determine if the conviction we received actually be-

longed to you." This form was dated November 13, 1974.

On November 23, 1974, Forbus filed in the Jefferson County Circuit Court a petition entitled "Complaint For Declaratory Judgment." The court, treating this petition as an appeal pursuant to Title 36, Section 68, Code of Alabama (1940), held a hearing and issued a temporary injunction enjoining the director from revoking or suspending the license of Forbus. After further hearing the court issued a final judgment restoring Forbus's license.

■ The issue on appeal is whether the court erred in failing to dismiss the appeal because it was not filed within the 30-day period prescribed by Title 36, Section 68 of the Code. If this period runs from the date the Director denied an administrative hearing, November 13, the appeal was timely filed. However, if Section 68 provides for a hearing only from a suspension order, a driver's sole remedy in case of a discretionary revocation would be an appeal. There being no hearing, the appeal would have to be filed within 30 days of the revocation.

The provision of Section 68 allowing a driver to request a hearing is as follows:

"Upon suspending the license of any person as hereinbefore in this section authorized, the director of public safety shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing . . ."

The statute, taken literally, clearly restricts the right of an administrative hearing to suspensions.

Forbus contends that the words "suspension" and "revocation" are used interchangeably in Section 68 and that the above-quoted excerpt should not be restricted to suspensions. However, throughout Section 68, when a provision is meant to apply to more than one form of license denial, the terms used are "cancel, suspend or revoke," or "suspend or re-

voke." For example, the provision authorizing appeal to the circuit court applies when a license has been "cancelled, suspended or revoked."

■ Under certain circumstances Section 68 requires the Director to revoke a driver's license. In these cases there is no appeal from the order of the Director. *May v. Lingo,* 277 Ala. 92, 167 So.2d 267. In other situations the Director is granted discretion as to what action to take. In such instances Section 68 provides for an appeal from the discretionary act, whether it be suspension, revocation or cancellation:

"Any person denied a license or whose license has been cancelled, suspended or revoked by the director of public safety except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within thirty days thereafter for a hearing in the (court) . . ."

As previously stated, this provision specifically applies to discretionary suspensions, revocations or cancellations.

■ Forbus argues that whether the Director's action is mandatory or discretionary determines the right of a driver to demand an administrative hearing. He cites *Ex parte State,* 262 Ala. 188, 78 So.2d 322, and *Ex parte State ex rel Lyerly,* 38 Ala.App. 630, 91 So.2d 233, which made statements to the effect that the action of the Director in revoking a driver's license was a judicial act. Both cases were expressly repudiated in *May v. Lingo, Supra,* where it was made clear that the Director's mandatory revocation is an administrative act, from which mandamus is the only remedy. Where the Director's action is discretionary it is judicial, and an appeal is provided for in Section 68. However, the fact that a driver is entitled to an appeal does not mean that he is also due an administrative hearing.

■ Were Section 68 to provide for an administrative hearing prior to all appeals the system would seem to be more logical and less confusing. However, the statute clearly does not so provide. Further, the notice of revocation sent to Forbus plainly stated that his license was revoked, and gave the reason therefor. Under the statute, no administrative hearing is allowed on a revocation, regardless of its mandatory or discretionary nature.

■ There being no hearing on a revocation, Forbus's only method of review was by appeal to the circuit court. This appeal should have been filed within 30 days of the revocation. Whether this 30-day period begins to run on the date the notice is received by a driver or the date the revocation is to take effect we need not decide, as neither deadline was met here.

■ An appeal is not a matter of vested right, but by the grace of statute, and must be perfected pursuant to the time and manner prescribed in the controlling statute, and if the requirements of such statute are not met, the appeal must be dismissed. *LeFlore v. Moore*, 288 Ala. 310, 260 So.2d 581, cert. den. 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299.

The circuit court being without jurisdiction to entertain the appeal, its order is void. Such an order will not support an appeal *Ala. Public Serv. Comm. v. McGill,* 260 Ala. 361, 71 So.2d 12. However, mandamus will lie to give relief to the Director. *Director v. Relford,* 51 Ala.App. 456, 286 So.2d 860.

A writ of mandamus will issue unless the respondent judge, after being advised of this opinion, vacates the order restoring the driver's license of Forbus and dismisses the appeal.

APPEAL DISMISSED.

ALTERNATIVE WRIT AWARDED CONDITIONALLY.

BRADLEY and HOLMES, JJ., concur.