517 A.2d 217

Rex Slocum, Appellant *v.* The Commissioners of Warren County, Pennsylvania, Appellee.

Argued October 6, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Bernard J. Hessley,* for appellant.

*John R. Wagner,* with him, *John P. Marti, Harper &
Marti,* for appellee.

OPINION BY JUDGE CRAIG, November 6, 1986:

Appellant Rex Slocum, a real estate subdivision developer, is the defendant in an equity action initiated by Warren County to enjoin development of his subdivision on the basis that he did not make certain road improvements on which the county had conditioned its approval of his subdivision plan.

Defendant Slocum has appealed from the trial court's order which dismissed his motion and complaint to join Pleasant Township, where the plan is located, as an additional defendant.

The defendant filed his motion to join the township 107 days after the filing of the county's amended complaint against him. His request thus fell well beyond the 60-day time limit in Pa. R.C.P. No. 2253, which states:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

Before the defendant sought to join the township, the county and the defendant had agreed in writing to extend the Rule 2253 deadline for joining additional defendants as a matter of course. Pleasant Township, the proposed additional defendant, was not a party to that agreement. Pa. R.C.P. No. 248 provides:

> The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court.

The trial court has never issued any order approving either the joinder or the agreement extending the Rule 2253 time period.

Although the trial court has not supplied us with any opinion on the procedural questions affecting the joinder, there is no doubt that the trial court refused to allow the joinder of the township as an additional defendant.

Therefore, the procedural questions are (1) whether an additional defendant has standing to object to being joined pursuant to an agreement between the plaintiff and defendant to extend Rule 2253's 60-day time period, in which agreement neither the court nor the additional defendant has concurred, and, if so, (2) whether refusal of that joinder was proper.

On the question of whether the additional defendant has standing to object, various common pleas courts have reached different results. This court agrees with Goodrich-Amram 2d §2253:3.3, that the additional defendant can raise the question of party joinder even where the plaintiff and original defendant have purported to extend the time by stipulation under Pa. R.C.P. No. 248. Even though the primary purpose of Rule 2253 indeed is to protect the plaintiff against undue delay, an additional defendant nevertheless clearly has a very direct interest in whether an original defendant's

claim against him is pursued as part of a consolidated action initiated by another, as distinguished from being embodied in an action between the original defendant and himself alone.

As to the second question stated above, whether the trial court properly negated the joinder, the pivotal analysis turns on whether the plaintiff and the original defendant could, by stipulation under Rule 248 not adopted by the court, extend the 60-day period of Rule 2253 so as to postpone the judicial prerogative which that rule confers upon the court—the power to allow or disallow joinders sought after the expiration of 60 days.

The answer is clear. Because the joinder rule explicitly empowers the court to control all joinders beyond the 60-day point, the power of parties to extend time limits by agreement under Rule 248 cannot be construed to allow parties thereby to displace, modify or postpone the judicial authority which the joinder rule confers upon the court.

Therefore, because the defendant, despite the time-extension stipulation, could not join an additonal defendant without court approval after the 60-day period had expired, the court's refusal to join the township was proper.

This court notes that the trial court's opinion purports to negate the joinder of the township on the basis that the original defendant's complaint against the township failed to state a cause of action, as if the township's preliminary objections had included a demurrer to that complaint. However, the record clearly shows that the township's preliminary objections raised only the procedural question of the late joinder, without any mention of a demurrer. Moreover, the original defendant apparently never had any opportunity to brief or argue any such demurrer question. Therefore, the record shows that no demurrer issue was presented to the trial court,

nor is any such question present for review by this court. Therefore, our affirmance of the dismissal of the original defendant's complaint against the township is based solely upon Pa. R.C.P. No. 2253, because the record does not establish that there has been any final adjudication as to the existence of a cause of action against the township.

ORDER

NOW, November 6, 1986, the order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, at No. 536 of 1984, dated June 10, 1985, is affirmed.