On January 7, 2004, the appellant, Timothy Joseph Finch, pleaded guilty to one count of felony driving under the influence, a violation of § 32-5A-191, Ala. Code 1975. The circuit court sentenced him to 10 years' imprisonment; that sentence was split, and he was ordered to serve 10 days of the sentence in the Shelby County jail and the balance was suspended, followed by 5 years' supervised probation. One of the conditions of probation was that Finch serve eight months in the Shelby Work Release Center. The court ordered Finch to complete a chemical dependency program and to pay a $50 alcohol assessment fee, a $4,100 fine, a $50 crime victims assessment, court costs, and any medical expenses he incurred while he was in jail. The court also ordered him to surrender his driver's license to the Department of Public Safety so that it could be revoked for a period of five years, as required by § 32-5A-191(h), Ala. Code 1975. Finch reserved the right to appeal the issue of the driver's license suspension before he entered his guilty plea.
At the plea hearing, Finch admitted that he had been convicted of DUI offenses in 1982, 1985, and 1996. He stipulated that a breath test administered when he was arrested for the current offense revealed a blood alcohol level greater than .08 and that the Department of Public Safety suspended his driving privileges for 90 days. He said that he served the suspension, that he applied for and was granted reinstatement, and that he had a valid driving privilege at the time of the plea hearing.
Finch contends that the circuit court erred in ordering him to surrender his driver's license for revocation because he had already received a prior administrative *Page 168 
suspension arising from the same arrest. He argues that §32-5A-304(c)[1] prohibits a second or additional suspension or revocation under § 32-5A-191.[2]
"`When a special statutory procedure has been provided as an exclusive method of review for a particular type case, no other statutory review is available.'" Huggins v. Alabama Dep't ofPublic Safety, 891 So.2d 337 (Ala.Civ.App. 2004), quoting Howlev. Alabama State Milk Control Bd., 265 Ala. 189, 193,90 So.2d 752, 755 (1956). Under the statute governing suspension, revocation and cancellation of driver's licenses, the method of reviewing a suspension is an administrative hearing. Dothard v.Forbus, 57 Ala.App. 670, 331 So.2d 685 (Civ.App. 1975). The remedy in a case of discretionary revocation is an appeal to the circuit court within 30 days of the revocation. Id."[M]andatory revocation is an administrative act, from which mandamus is the only remedy." 57 Ala.App. at 673, 331 So.2d at 688, citing Mayv. Lingo, 277 Ala. 92, 167 So.2d 267 (1964).
When a person is convicted of driving while intoxicated and the conviction becomes final, the Director of Public Safety must revoke the person's driver's license.
 "The specific applicable provision of the Alabama Rules of the Road Act in the case at bar is § 32-5A-195(j), which provides that the Director of Public Safety,
 "`shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses: (3) Upon a second or subsequent conviction within a five-year period, of driving or being in actual physical control of any vehicle while under the influence of alcohol . . . to a degree which renders him incapable of safely driving. . . .' (Emphasis supplied [in Mechur].)
 "Alabama case law is commensurate with § 32-5A-195 in holding that the director's duty is mandatory and that in cases of mandatory revocation no administrative hearing or judicial appeal is afforded, but rather a writ of mandamus is the only available remedy."
Mechur v. Director, Dep't of Public Safety, 446 So.2d 48, 50
(Ala.Civ.App. 1984).
The sole permissible method of reviewing the mandatory revocation of Finch's driver's license is a petition for a writ of mandamus, which should be filed in Montgomery County where the Department of Public Safety maintains its headquarters. §41-22-20(b), Ala. Code 1975. Therefore, the present appeal must be dismissed.
APPEAL DISMISSED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Section 32-5A-304(c), Ala. Code 1975, provides in part:
 "If a license is suspended under this section for having .08 or more by weight of alcohol in the blood of the person and the person is also convicted on criminal charges arising out of the same occurrence for violation of Section 32-5A-191, the suspension under this section shall be imposed, but no period of suspension or revocation shall be imposed under Section 32-5A-191."
[2] Section 32-5A-191(h), Ala. Code 1975, provides in part:
 "On a fourth or subsequent conviction [of driving under the influence], a person convicted of violating this section shall be guilty of a Class C felony and . . . [i]n addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver's license of the person convicted for a period of five years." *Page 169