MOORE, Judge.
 

 The Alabama Department of Public Safety (“the Department”) appeals from a judgment entered by the Montgomery Circuit Court on December 18, 2007. In that judgment, the court ordered the Department to accept the application of Robert Barbour for reinstatement of his Alabama driver’s license after a period of revocation.
 

 Facts
 

 Since the 1970s, Barbour has been convicted of the offense of driving under the influence of a controlled substance or alcohol (“DUI”) or similar infractions 12 times.
 
 See
 
 § 32-5A-191, Ala.Code 1975. Barbour was last convicted of DUI in 2001. In addition, Barbour has been convicted of driving with a suspended or revoked license on numerous occasions.
 
 See
 
 § 32-6-19, Ala.Code 1975. His last conviction for a traffic violation other than DUI was in 2004.
 

 Barbour’s Alabama driver’s license has been considered revoked by the Department since 1979. On March 14, 2007, Barbour filed documents with the Department seeking reinstatement of his driver’s license. The Department rejected his application in a form notice, setting out its position that Barbour would not become eligible for reinstatement until December 9, 2011. Barbour immediately filed a petition for an administrative hearing. In that petition, Barbour challenged the method by which the Department had calculated his revocation period. The Department summarily rejected the petition.
 

 After his request for reconsideration was denied by the Department, Barbour filed an appeal to the Elmore Circuit Court, the circuit court in the county in which Barbour resides, on April 13, 2007. The Department filed a motion to dismiss that appeal. On July 17, 2007, without ruling on the Department’s motion to dismiss, the Elmore Circuit Court transferred the case to the Montgomery Circuit Court (hereinafter sometimes referred to as “the trial court”). After reviewing briefs filed by the parties and hearing oral argument, the trial court entered a judgment containing findings of facts and conclusions of law. In that judgment, the trial court basically concluded that Barbour’s revocation period expired five years after his last DUI conviction in 2001 and ordered the Department to accept Barbour’s application for reinstatement and to process that application in accordance with the Department’s
 
 *604
 
 own internal rules and regulations. The Department timely appealed that judgment on January 8, 2008.
 

 Issues
 

 The Department argues (1) that the trial court erred in failing to dismiss Barbour’s appeal because, it says, Alabama law does not allow an appeal under these circumstances, (2) that the trial court erred in requiring the Department to grant Barbour a hearing on the issue of the proper calculation of his revocation period, and (3) that the trial court erred in concluding that Barbour’s revocation period ended five years after his last conviction for DUI.
 

 Barbour’s Right to Appeal
 

 Both parties agree that after the Department denied his request for an administrative hearing, Barbour filed an appeal to the Elmore Circuit Court, asserting that the appeal was authorized under § 32-5A-195(q), Ala.Code 1975. However, the Department contends that § 32-5A-195(q) does not allow appeals to the circuit court from the mandatory revocation of a driver’s license or from the denial of an application for reinstatement of a driver’s license.
 

 Section 32-5A-195(q) provides, in pertinent part:
 

 “Any person denied a license or whose license has been cancelled, suspended or revoked by the Director of Public Safety except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the circuit court in the county wherein such person resides, ... and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 30 days’ written notice to the Director of Public Safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this section.”
 

 By its express language, § 32-5A-195(q) prohibits appeals from mandatory cancellations or revocations of driver’s licenses.
 
 See Dothard v. Forbus,
 
 57 Ala.App. 670, 331 So.2d 685 (Civ.App.1975). However, Barbour is not appealing from the revocation of his driver’s license. Barbour admits that his license was properly revoked. He is appealing from the Department’s refusal to reinstate his driver’s license based on his position that the revocation period has expired. Therefore, § 32-5A-195(q), insofar as it prohibits appeals of mandatory revocations, as recognized in
 
 Dothard,
 
 does not apply.
 

 Although § 32-5A-195(q) does not expressly state that a person has a right to appeal from the denial of an application for reinstatement of a driver’s license, the statute does state that “[a]ny person denied a license ... shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the circuit court in the county wherein such person resides.” In this case, Barbour filed his petition in the circuit court of his home county within 30 days from the denial of his application for reinstatement of his driver’s license. In that petition, Barbour sought review of the Department’s decision to deny him reinstatement of his driver’s license. In rejecting Barbour’s application for reinstatement of his driver’s license, the Department essentially “denied a license” within the meaning of § 32-5A-195(q). Therefore, Barbour had the right to appeal that denial under § 32-5A-195(q).
 

 For the foregoing reasons, we reject the Department’s argument that § 32-5A-
 
 *605
 
 195(q) did not provide Barbour an avenue for appeal in this ease.
 

 Subject-Matter Jurisdiction
 

 In its motion to dismiss, the Department argued to the Elmore Circuit Court that “the sole permissible method of reviewing the mandatory action by the Director [of the Department] is a petition for a mandamus, which must be filed in Montgomery County where the Department of Public Safety maintains its headquarters.” In its brief to this court, the Department again cites
 
 Dothard, swpra,
 
 for the proposition that Barbour’s only remedy was to petition for a writ of mandamus. However,
 
 Dothard
 
 held that, because the statute in effect at the time did not allow for appeals from mandatory revocations, a petition for a writ of mandamus was the only vehicle to obtain review of a decision to revoke a driver’s license. However, as we have held in this case, § 32-5A-195(q) allows an appeal from the denial of an application for reinstatement of a driver’s license. Therefore,
 
 Dothard
 
 is not on point, and the Department’s argument that Barbour could seek review of its decision only via a petition for a writ of mandamus is not supported by any legal authority.
 

 It appears from the record that the El-more Circuit Court transferred the case to the Montgomery Circuit Court based on the Department’s argument that the case should be reviewed in the Montgomery Circuit Court as a petition for a writ of mandamus. The record discloses no other reason for the transfer other than the Department’s argument that Barbour had no right to appeal but, instead, had a right to file a petition for a writ of mandamus in the Montgomery Circuit Court. In light of our prior ruling, the reasoning of the El-more Circuit Court was in error; Barbour had a right to an appeal, that court had jurisdiction to hear the appeal, and there was no valid ground for transferring the appeal to the Montgomery Circuit Court.
 

 Although neither party has raised the issue of subject-matter jurisdiction, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.’” Singleton v. Graham,
 
 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ. App.1997), quoting in turn
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)). “ ‘[I]t is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.’ ”
 
 Singleton,
 
 716 So.2d at 225 (quoting
 
 Smith v. Saint,
 
 438 So.2d 766, 768 (Ala.1983)). Based on our conclusion that the Elmore Circuit Court improperly transferred the case to the Montgomery Circuit Court, we must consider whether the latter court had jurisdiction to hear Barbour’s appeal.
 

 In
 
 Ex parte General Motors Corp.,
 
 800 So.2d 159 (AIa.2000), the supreme court considered the question whether § 25-4-95, Ala.Code 1975, established the court having subject-matter jurisdiction over an appeal from the State Board of Appeals concerning claims for unemployment compensation or merely declared the appropriate venue for such appeals. At that time, § 25-4-95 provided:
 

 “Within 30 days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal
 
 in the circuit court of the county of the residence of the claimant
 
 ....”
 

 (Emphasis added.)
 
 See Hilley v. General Motors Corp.,
 
 800 So.2d 150, 151 (Ala.Civ. App.1999), rev’d,
 
 Ex parte General Motors Corp., supra.
 
 This court had determined, based on a long line of cases, that the above-emphasized language in § 25-4-95
 
 *606
 
 indicated that the only court with subject-matter jurisdiction over an appeal from the State Board of Appeals was the circuit court in the county in which the claimant resided.
 
 Hilley, supra
 
 (citing
 
 Tyson Foods, Inc. v. Thompson,
 
 719 So.2d 847 (Ala.Civ.App.1998);
 
 Pate v. Rasco,
 
 656 So.2d 855, 856-57 (Ala.Civ.App.1995);
 
 Security Eng’rs, Inc. v. Anderson,
 
 421 So.2d 1298, 1298-99 (Ala.Civ.App.1982);
 
 Cruce v. Demarco Concrete & Block Co.,
 
 380 So.2d 900 (Ala.Civ.App.1980); and
 
 Director of State Dep’t of Indus. Relations v. Nolin,
 
 374 So.2d 903 (Ala.Civ.App.1979)). The supreme court overruled that line of cases and held that the statute does not confer jurisdiction but, “instead, directs the proper venue for an appeal under that statute.”
 
 Ex parte General Motors Corp.,
 
 800 So.2d at 163.
 

 The operative language in § 32A-5-195(q) is essentially identical to the language employed in § 25-4-95. Therefore, § 32-5A-195(q) does not confer subject-matter jurisdiction but merely directs the proper venue for appeals from the denial of a license. The only proper venue in this ease was the Elmore Circuit Court because that is the circuit court of the county in which Barbour was residing at the time of his appeal. Barbour could have compelled the case to be transferred back to Elmore Circuit Court; however, Barbour did not file any motion in the Montgomery Circuit Court contesting venue, and the erroneous transfer did not deprive the Montgomery Circuit Court of subject-matter jurisdiction over the appeal.
 
 See Ex parte General Motors Corp., supra.
 
 Accordingly, we find that the Montgomery Circuit Court properly had subject-matter jurisdiction to enter a judgment in the case.
 

 Propriety of the Trial Court’s Judgment
 

 In its December 18, 2007, judgment, the trial court determined that Barbour’s revocation period had ended five years after his last conviction for DUI, which would have been in 2006, and ordered the Department to process Barbour’s application for reinstatement of his license “subject to conditions and restrictions as are consis-' tent with the driver license reissuance.” The trial court directed the Department “to accept [Barbour’s] written application and to process the application in the same manner and procedure as any other person [seeking reinstatement of a revoked license].”
 

 The Department initially argues that the trial court erred in directing it to grant Barbour a hearing on his reinstatement application. The Department argues that “[t]here is no statutory right to a hearing before the Director [of the Department] except as provided by statute.” Section 32-5A-195(i), Ala.Code 1975, provides for a hearing before the director of the Department only in the cases of suspensions. However, the trial court did not explicitly order the Department to conduct a hearing;
 
 [1]
 
 it ordered the Department to accept and process Barbour’s application for reinstatement of his driver’s license. Rule 760-X-1-.02, Ala. Admin. Code
 
 *607
 
 (Dep’t of Pub. Safety), provides the procedure for reinstatement of a driver’s license after mandatory revocation. That rule states:
 

 “(a) The Director, upon investigation of such person and satisfactorily showing that an applicant is deserving of reinstatement of his driving privilege, may permit such person to be examined by the Driver License Examiner.
 

 “(b) Upon successful passage of such examination, the applicant shall present his certificate of examination to the Judge of Probate or License Commissioner’s Office with the required fee and the operator’s license shall be issued.”
 

 The rule contemplates that the Department will investigate the applicant to determine whether he or she deserves reinstatement, but it does not require the Department to conduct a hearing on the matter. Thus, the trial court’s order requiring the Department to receive and process the application cannot reasonably be construed as an implicit order for the Department to conduct a hearing. Therefore, we need not address the Department’s argument on this point.
 

 The Department last argues that the trial court erred in finding that Barbour’s revocation period had expired five years after his final DUI conviction. Section 32-5A-191(h), Ala.Code 1975, provides that “[o]n a fourth or subsequent conviction” of DUI, “[i]n addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver’s license of the person convicted for a period of five years.” The Department points out that Barbour’s license was revoked for five years, pursuant to the mandatory provisions of § 32-5A-191(h), twice in 1997 due to two separate DUI convictions and again in 2001 due to another DUI conviction. The Department argues that those revocation periods should have run consecutively so that Barbour would not be eligible for reinstatement until some time in 2011.
 
 [2]
 

 In rejecting the Department’s argument, the trial court relied on an attorney general’s opinion. In 1993, the attorney general issued an opinion concluding that “[t]he maximum length of time a license holder may be revoked for multiple DUI convictions is three years from the date of his last DUI conviction.” Op. Att’y Gen. No. 94-00069 (Nov. 30, 1993). The question before the attorney general was: “Does a second or subsequent revocation period of a driver license, mandated by Section 32-5A-191 of the
 
 Code of Alabama
 
 1975, run concurrently or consecutively with prior revocation periods required under Section 32-5A-191?”
 
 Id.
 
 In answering that question, the attorney general stated:
 

 “Section 32-5A-191(d) provides as a result of a second DUI conviction within a five-year period ‘... the director of public safety shall revoke the driving privileges or driver license of the person so convicted for a period of
 
 one
 
 year.’ Section 32-5A-191(e) provides that a third or subsequent conviction within a five-year period should result in a
 
 three-year
 
 revocation.
 

 “Whether revocation periods should be computed consecutively or concurrently is a question of statutory construction. When examining legislative statutes that may be subject to differing interpretation, the Alabama Supreme Court in
 
 Shelton v. Wright,
 
 439 So.2d 55 (Ala.1983) stated:
 

 
 *608
 
 “ ‘The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g.,
 
 Gundy v. Ozier,
 
 409 So.2d 764, 765, 766 (Ala.1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See
 
 Rinehart v. Reliance Ins. Co.,
 
 273 Ala. 535, 538, 142 So.2d 254, 256 (1962).’
 

 “In an earlier driver license case requiring judicial interpretation of a statute, the Court held there is an inherent duty of the reviewing court in cases involving statutory construction to give effect to legislative intent, and it should look not only to the language of the statute but also to its purpose and object as well.
 
 Shoemaker v. Atchison,
 
 406 So.2d 986 (Ala.[Civ.]App.l981).
 

 “The Alabama appellate courts have already resolved three cases regarding the correct duration of suspension or revocation. In
 
 Loftin v. City of Montgomery,
 
 480 So.2d 606 (Ala.Crim.App. 1985), the Court held the date of conviction, not the date of offense, would control the determination of enhancement of sentence in a DUI punishment. In
 
 Loyd v. Director, DPS,
 
 480 So.2d 577 (Ala.Civ.App.1985), the Court held the Director had a nondiscretionary duty to revoke a driver license for three years upon the third DUI conviction, even though the District Court imposed punishment as a first offender due to nonre-presentation by counsel in the previous offenses. Finally, in
 
 Ex Parte Welch,
 
 519 So.2d 517 (Ala.1987), the Court held the Driver License Compact, Sections 36-6-30 through 36-6-36, could not be utilized to deny a new resident the opportunity to apply for an Alabama driver license when such new resident was revoked in his previous state, so long as the individual met the minimum revocation period set by Alabama statutes. In the
 
 Welch
 
 decision, there is some language which bears upon our original question when Justice Almon, writing for the Court, stated: ‘... the legislatively declared policy of this State is that two convictions for DUI result in no more than a one-year revocation, and a longer revocation is contrary to that policy.’ (at 522.) Consequently, it may be inferred that a third DUI conviction would only result in a three-year period of revocation, even though the second DUI conviction, one-year revocation has not yet expired when the third DUI conviction resulted.
 

 “Corpus Juris Secundum
 
 states, in deciding computation of a period of suspension or revocation:
 

 “ ‘The date when a revocation begins and the manner in which it is computed depend on the provisions of the governing statutes. The effective date of a revocation based on a conviction or convictions must be from a date not earlier than the conviction or last operative conviction, and is generally from such date.’ 60 C.J.S. § 164.24 Motor Vehicles.
 

 “With regard to consecutive or concurrent treatment of multiple revocation or suspension periods, C.J.S. states:
 

 “ ‘A motorist whose operator’s license has been suspended in one matter and revoked in another is not entitled to serve the penalties concurrently but must serve them consecutively.’ 60 C.J.S.,
 
 supra.
 

 “In
 
 Commonwealth v. Morin,
 
 373 A.2d 1170 (Pa.Cmwlth.1977), the Court held a multiple violator cannot expect the sanction equivalent to that imposed on a unitary violation, and the suspension
 
 and
 
 revocation of a driver license
 
 *609
 
 based on multiple traffic offenses occurring during a continuous series of events was proper.
 

 “In
 
 Commonwealth v. Martin,
 
 517 A.2d 217 (Pa.Cmwlth.1986), the Court held that a motorist whose license was suspended for refusal to submit to a breath test and revoked for unrelated violations was not entitled to serve penalties concurrently.
 

 “In a similar vein, the Alaska Supreme Court held that multiple DWI [driving-while-intoxicated] convictions entered on the same day should be counted individually for sentencing purposes. To do otherwise would only encourage habitual drunk drivers to plead guilty to accumulated DWI charges on the same day, thus reducing the length of their future driver license revocations, at the expense of public safety.
 
 Wik v. State of Alaska, Dept. of Public Safety,
 
 786 P.2d 384 (Ak.1990).
 

 “My research has failed to develop a single case where this exact question regarding time computation has been subjected to judicial review. I believe that Alabama appellate courts, if faced with this question, would hold the maximum period for DUI revocation to be three years, regardless of previous convictions. This opinion is based both on equity and the legislative intent of the DUI statute. For example, an individual could go on a week-long drinking binge and be arrested and convicted of three, four, or five DUI’s in a very short period yet successfully complete rehabilitation and never again consume another drop of alcohol, but still be ineligible for reinstatement for ten years if the revocation period was computed consecutively-
 

 “This harsh result defeats the underlying purpose of driver licensing which is to ensure a minimum of competence and skill on part of drivers of motor vehicles generally, yet prohibit those who are irresponsible or unfit to operate a motor vehicle. If the above example is used, there becomes a point in time where a consecutive revocation period no longer serves a useful purpose and becomes unduly harsh and oppressive.
 

 “Based on language used in the
 
 Welch
 
 decision — ‘the legislatively declared
 
 policy
 
 of this state .. \ [and] longer revocation is contrary to that
 
 policy
 
 ’ — indicates that the maximum length of time an individual license holder who is convicted of three or more DUI’s may remain revoked by operation of law is three years, regardless of the total number of prior DUI convictions. This opinion is supported by the wording of § 32-5A-191(e) that ‘On a third
 
 or subsequent
 
 conviction ... the director of public safety shall revoke ... for a period of three years.’ (Emphasis added.)”
 

 Id.
 

 The Department correctly notes that since the issuance of the attorney general’s opinion, the legislature has amended § 32-5A-191. The statute now requires that a driver’s license be revoked for five years upon a “fourth or subsequent conviction” for DUI, not three years for a “third or subsequent conviction within a five-year period.” However, those changes do not affect the reasoning of the attorney general’s opinion. The Department also correctly notes that an attorney general’s opinion is not binding on this court, although it can be persuasive authority.
 
 See Anderson v. Fayette County Bd. of Educ.,
 
 738 So.2d 854, 858 (Ala.1999), and
 
 Alabama-Tennessee Natural Gas Co. v. Southern Natural Gas Co.,
 
 694 So.2d 1344, 1346 (Ala.1997) (citing
 
 Poe v. Grove Hill Mem’l Hosp. Bd.,
 
 441 So.2d 861, 863 (Ala.1983)). Whether this court will follow that opinion depends upon our own view of
 
 *610
 
 the soundness of its reasoning and the correctness of its conclusion.
 

 We agree with the attorney-general that the resolution of this issue depends on the meaning of § 82-5A-191. “In determining the meaning of a statute, we must begin by analyzing the language of the statute itself.”
 
 Holcomb v. Carraway,
 
 945 So.2d 1009, 1018 (Ala.2006).
 

 “Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
 

 IMED Corp. v. Systems Eng’g Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992). “When the language of a statute is plain and unambiguous, ... courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says
 
 ....” Ex parte T.B.,
 
 698 So.2d 127, 130 (Ala.1997).
 

 The plain language of § 32-5A-191(h) declares that upon the “fourth or subsequent conviction” the director of the Department, “[i]n addition to the other penalties authorized, ... shall revoke the driving privilege or driver’s license of the person convicted for a period of five years.”
 

 “The word ‘shall’ is clear and unambiguous and is imperative and mandatory.
 
 Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa [County,
 
 589 So.2d 687 (Ala.1991) ];
 
 Taylor v. Cox,
 
 710 So.2d 406 (Ala.1998) .... The word ‘shall’ has been defined as follows:
 

 “ ‘As used in statutes, contracts, or the like, this word is generally imperative or mandatory. In common or ordinary parlance, and in its ordinary signification, the term “shall” is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means “must” and is inconsistent with a concept of discretion.’
 

 “Black’s Law Dictionary
 
 1375 (6th ed. [1990]).”
 

 Ex parte Prudential Ins. Co. of America,
 
 721 So.2d 1135, 1138 (Ala.1998). By the plain language of the statute, a driver’s license must be revoked for a period of five years for each conviction beginning with the fourth conviction. In other words, the revocation periods for the fourth and all subsequent convictions must run consecutively.
 

 In his opinion, the attorney general erroneously relied on an excerpt from
 
 Ex parte Welch,
 
 519 So.2d 517 (Ala.1987). In stating that “the legislatively declared policy of this state is that two convictions for DUI result in no more than a one-year revocation,” 519 So.2d at 522, the
 
 Welch
 
 court relied on § 32-5A-191(d), now § 32-5A-191(f), which stated that upon a second conviction for DUI within a five-year period, “the Director shall revoke the ... driver’s license of the person convicted for one year.” The
 
 Welch
 
 court did not even address § 32-5A-191(e), the precursor to present-day § 32-5A-191(h). The fact that a second conviction for DUI is legislatively mandated to result in no more than a one-year revocation period in no way impacts on the question whether a fourth conviction and subsequent convictions result in consecutive five-year revocation periods. The language in
 
 Welch
 
 is pertinent only to the extent that it recognizes that the plain language of the appropriate statute states the legislative policy that must be given effect by this court.
 

 
 *611
 
 The attorney general cited several jurisdictions that had concluded that their statutes required consecutive revocation periods for multiple DUI convictions beyond a certain legislatively declared number. In addition, the Department points us to several other cases from other states with similar holdings.
 
 See Thompson v. South Carolina Dep’t of Pub. Safety,
 
 335 S.C. 52, 56, 515 S.E.2d 761, 763 (1999);
 
 Yeargin v. South Carolina Dep’t of Highways & Pub. Transp.,
 
 313 S.C. 387, 390, 438 S.E.2d 234, 236 (1993);
 
 Calamia v. Louisiana Dep’t of Pub. Safety & Corr.,
 
 706 So.2d 152, 155-156 (La.Ct.App.1997); and
 
 Williamson v. State Dep’t of Pub. Safety, Div. of Motor Vehicles,
 
 779 P.2d 1238, 1240 (Alaska 1989). We agree with the reasoning of those cases and, accordingly, hold that the legislature intended that each conviction from the fourth conviction forward would result in a corresponding five-year revocation period in order to provide the utmost protection of the public’s safety and that it is not inequitable to run the revocation periods consecutively, although, by doing so, the revocation period will extend for a substantial period beyond five years. The driver can always avoid an extensive revocation period by complying with the law and not driving while under the influence.
 

 In response, Barbour has not cited a single case from this or any other jurisdiction supporting the position advanced in the attorney general’s opinion. Barbour discusses
 
 Hankins v. State,
 
 989 So.2d 610 (Ala.Crim.App.2007), at length. However,
 
 Hankins
 
 dealt exclusively with “a single issue of first impression: whether § 32-5A-191(o)[, Ala.Code 1975,] requires a defendant’s prior DUI convictions to have occurred
 
 within a five-year period
 
 preceding the latest conviction before the felony sentencing provision in § 32-5A-191(h)[, Ala.Code 1975,] can be applied.” 989 So.2d at 612.
 
 Hankins
 
 does not have any bearing on the issue in this case.
 

 For the foregoing reasons, we conclude that the trial court erred in relying on the attorney general’s opinion, and we hold that the Department is required to revoke a driver’s license for consecutive five-year periods upon the fourth conviction and subsequent convictions for DUI. Because Barbour was convicted of DUI twice in 1997 and once in 2001, his revocation period runs for 15 years from the date of his first conviction. Because that time has not expired, Barbour is not entitled to apply for reinstatement of his driver’s license. The trial court’s judgment is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The Department cites pages 51-52 of the record to support its contention that the trial court ordered a hearing. Those pages contain two pages of the trial court’s December 18, 2007, judgment. Neither of those two pages contains an order requiring the Department to grant Barbour a hearing. We note that the first page of the judgment ends abruptly in mid-sentence and the next page begins a new paragraph. It is the appellant’s duty to check the record and to ensure that a complete record is presented on appeal.
 
 Tarver v. State,
 
 940 So.2d 312, 316 (Ala.Crim. App.2004). An appellate court cannot place a trial court in error for a ruling that does not appear in the record.
 
 Ex parte Howell,
 
 974 So.2d 304, 306 (Ala.2007).
 

 [2]
 

 . The record does not contain any document explaining how the Department determined the starting and ending dates of Barbour’s revocation period; however, that omission does not affect the disposition of the case.